IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JASPER D. WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-008 |
| | ) | |
| | ) | |
| AUGUSTA RICHMOND COUNTY | ) | |
| PUBLIC LIBRARY SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* in the above-captioned case and requests permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) Having considered Plaintiff's affidavit of poverty, the Court **GRANTS** the request. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

I.  SCREENING OF THE COMPLAINT

   A.  BACKGROUND

This nonsensical and fantastical complaint alleges, or at least appears to allege, that unidentified library workers, relatives of Plaintiff, and others colluded to add homosexuals as friends of Plaintiff on his Facebook page. Such unidentified persons also engaged in a fraudulent credit card scheme with Comcast Cable that somehow resulted in homosexual

activity occurring within the apartment complex where Plaintiff resides. They also used witchcraft on Plaintiff and, as he described, "disappeared around me too wait and see what kinda activity me gone do." (Doc. no. 1, pp. 3-6.)

**B. DISCUSSION**

**1. Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the

2

defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Complaint Fails to State a Claim.

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's complaint fails to present any viable claim upon which relief might be granted. "Under 42 U.S.C. § 1983, a plaintiff must sufficiently allege (1) that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) that the act or omission was committed by a person acting under color of state law." Cox v. Mills, 465 F. App'x 885, 887 (11th Cir. 2012) (*per curiam*).

Plaintiff fails to allege any facts that amount to a claim under § 1983. Plaintiff repeatedly asserts that various unnamed individuals harmed him without providing any

3

factual detail. Instead, Plaintiff's complaint is dotted with nebulous and conclusory statements about fraud and witchcraft. (See generally, doc. no. 1.) For example, Plaintiff states his cousin Tasha Morris "did and [sic] fraud scheme with the library using [his] name and social security number . . . and access too [sic] [his] visa credit card account number," but fails to provide any factual detail of any actions taken by Defendant. The lion's share of Plaintiff complaint is dedicated to accusing unidentified people of using witchcraft to "harm [him] with witch spell curse[s]."

Such vague and conclusory allegations are insufficient to state a viable claim. See Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted); Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). Plaintiff's fanciful and conclusory claims fail to establish he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Cox, 465 F. App'x at 887. Because Plaintiff's patently frivolous claims fail to state a claim under § 1983, they are subject to dismissal. See also Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."); Neitzke, 490 U.S. at 325-28 (noting that it is proper to dismiss complaints grounded in "fanciful factual allegation[s]" and "claims describing fantastic or delusional scenarios").

4

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of April, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA